EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Migdalia López Gómez<br><br>Recurrida<br><br>v.<br><br>José A. González Hernández, como Presidente de la Asamblea de Delegados de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico; Mirthia Cruz Cabrera, como Vicepresidenta de la Asamblea de Delegados de AEELA; Gladys G. Rosario Otero, como Secretaria de la Asamblea de Delegados de AEELA; Félix Morales Alverio, como Macero de la Asamblea de Delegados de AEELA; Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA); Edwin Montañez Morales; Gilberto Roldán Benítez; Zoraya Martínez Ramos; Luis Vélez Arroyo; Magna Pérez Vallés; Luis A. De Jesús Rivera; Maira González Hidalgo; Awilda Marrero González; María D. Ruiz Cintrón; Wanda Aponte Rosado; Gloria Pagán Reyes; Áurea E. Rivera Colón; Nicomedes Morales Morales; Benjamín Velázquez Rivera; Daniel Juarbe Vélez; Milagros Ortiz Ramos; Alberto Hernández Roldán; Sabino Félix Pizarro; y María Celia Rivera Cruz, como miembros del Comité Ejecutivo de la Asamblea de Delegados de AEELA; Blanca Medina de Garau, como Directora Ejecutiva Interina de AEELA; Pablo Crespo Claudio, como Director Ejecutivo de AEELA; Aseguradora "X"; Personas de la "A" a la "Z"<br><br>Peticionarios | Certiorari<br><br>2015 TSPR 12<br><br>192 DPR ____ |

Número del Caso: CC-2015-66

Fecha: 30 de enero de 2015

Tribunal de Apelaciones:

      Región Judicial de San Juan - Guayama

Abogado de la parte Peticionaria:

      Lcdo. Antonio Adrover Robles
      Lcdo. Godwin Aldarondo Girald
      Lcdo. Manuel Martínez Umpierre


Abogado de la Parte Recurrida:

      Lcdo. Luis Varela Ortiz
      Lcdo. Carlos Mondríguez Torres


Materia: Resolución del Tribunal con Voto Particular Disidente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Migdalia López Gómez<br>Recurrida<br><br>v.<br><br>José A. González Hernández, como Presidente de la Asamblea de Delegados de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico; Mirthia Cruz Cabrera, como Vicepresidenta de la Asamblea de Delegados de AEELA; Gladys G. Rosario Otero, como Secretaria de la Asamblea de Delegados de AEELA; Félix Morales Alverio, como Macero de la Asamblea de Delegados de AEELA; Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA); Edwin Montañez Morales; Gilberto Roldán Benítez; Zoraya Martínez Ramos; Luis Vélez Arroyo; Magna Pérez Vallés; Luis A. De Jesús Rivera; Maira González Hidalgo; Awilda Marrero González; María D. Ruiz Cintrón; Wanda Aponte Rosado; Gloria Pagán Reyes; Áurea E. Rivera Colón; Nicomedes Morales Morales; Benjamín Velázquez Rivera; Daniel Juarbe Vélez; Milagros Ortiz Ramos; Alberto Hernández Roldán; Sabino Félix Pizarro; y María Celia Rivera Cruz, como miembros del Comité Ejecutivo de la Asamblea de Delegados de AEELA; Blanca Medina de Garau, como Directora Ejecutiva Interina de AEELA; Pablo Crespo Claudio, como Director Ejecutivo de AEELA; Aseguradora "X"; Personas de la "A" a la "Z"<br>Peticionarios | CC-2015-0066 | *Certiorari* |

*RESOLUCIÓN*

En San Juan, Puerto Rico, a 30 de enero de 2015.

Examinadas la *Moción en auxilio de jurisdicción* y la *petición de certiorari* presentadas por la parte peticionaria, se provee no ha lugar a ambas.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

El Juez Asociado señor Martínez Torres hace constar la siguiente expresión: "El Juez Asociado señor Martínez Torres vota conforme con proveer no ha lugar a la expedición del auto de *certiorari* ya que ninguno de los señalamientos de error que se discuten en el voto disidente se plantearon ante el Tribunal de Apelaciones. Por eso no debemos considerarlos".

La Juez Asociada señora Rodríguez Rodríguez emitió voto particular disidente al cual se unen el Juez Asociado señor Kolthoff Caraballo, el Juez Asociado señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Migdalia López Gómez<br><br>       Recurrido<br><br>         v.<br><br>José A. González Hernández, como Presidente de la Asamblea de Delegados de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico; Mirthia Cruz Cabrera, como Vicepresidenta de la Asamblea de Delegados de AEELA; Gladys G. Rosario Otero, como Secretaria de la Asamblea de Delegados de AEELA; Félix Morales Alverio, como Macero de la Asamblea de Delegados de AEELA; Asociación de Empleados del Estado Libre Asociado de Puerto Rico (AEELA); Edwin Montañez Morales; Gilberto Roldán Benítez; Zoraya Martínez Ramos; Luis Vélez Arroyo; Magna Pérez Vallés; Luis A. De Jesús Rivera; Maira González Hidalgo; Awilda Marrero González; María D. Ruiz Cintrón; Wanda Aponte Rosado; Gloria Pagán Reyes; Áurea E. Rivera Colón; Nicomedes Morales Morales; Benjamín Velázquez Rivera; Daniel Juarbe Vélez; Milagros Ortiz Ramos; Alberto Hernández Roldán; Sabino Félix Pizarro; y María Celia Rivera Cruz, como miembros del Comité Ejecutivo de la Asamblea de Delegados de AEELA; Blanca Medina de Garau, como Directora Ejecutiva Interina de AEELA; Pablo Crespo Claudio, como Director Ejecutivo de AEELA; Aseguradora "X"; Personas de la "A" a la "Z"<br><br>       Peticionarios | CC-2015-0066 | *Certiorari* |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez al que se unen los Jueces Asociados señor Kolthoff Caraballo, señor Feliberti Cintrón y la Jueza Asociada Oronoz Rodríguez

San Juan, Puerto Rico, a 30 de enero de 2015

    Luego de haber estudiado con detenimiento el expediente del caso de epígrafe, disiento respetuosamente del proceder de la mayoría de denegar el recurso ante nuestra

consideración. Considero que el interdicto preliminar dictado en este caso por el foro primario y modificado por el Tribunal de Apelaciones es improcedente, por lo cual, hubiese expedido el recurso presentado ante este Tribunal para revocar la determinación de los foros inferiores.[1]

De entrada, valga destacar que la demandante, la Sra. Migdalia López Gómez esgrimió ante el foro primario una serie de causas de acción bajo diversos estatutos laborales –a saber, la Ley Núm. 80 de 30 de mayo de 1976; la Ley Núm. 100 de 30 de junio de 1959, y la Ley Núm. 115 de 20 de diciembre de 1991–; además, solicitó un interdicto preliminar y permanente, aduciendo una presunta violación al debido proceso de ley por parte de la peticionaria. Así, el Tribunal de Primera Instancia, celebrada una vista para la dilucidación de la solicitud de interdicto preliminar, dispuso de ésta mediante sentencia parcial, en la que, expone, sin ambages, que "en esta etapa de los procedimientos, la etapa interdictal, la controversia

---

[1] En cuanto al comentario suscrito por el Juez Asociado Martínez Torres, respecto a que los señalamientos de error discutidos en este voto particular disidente no fueron planteados ante el Tribunal de Apelaciones, baste con señalar el primer señalamiento de error presentado ante el foro apelativo intermedio: "Erró el Honorable Tribunal [de Primera Instancia] al conceder el remedio de Injunction Preliminar sin estar presentes los requisito legales". *Apelación*, Apéndice, pág. 2. Véase también *Moción solicitando reconsideración de la sentencia emitida el 30 de septiembre de 2014*, Apéndice, págs. 1072-75. Asimismo, es preciso destacar que la discusión cabal de dicho señalamiento de error requiere auscultar las diversas causas de acción y los daños esgrimidos por la demandante con tal de apreciar si, en efecto, existe un remedio adecuado en ley, lo cual constituye un requisito *indispensable* para la concesión de un *injunction preliminar*.

planteada es si la demandante tiene derecho a una orden de injunction preliminar, que disponga para su reinstalación al puesto que ocupaba al momento del despido". *Sentencia parcial,* Apéndice, pág. 628.

Sin embargo, al examinar la sentencia parcial en cuestión, resulta evidente que ésta hizo *mucho más* que meramente conceder un interdicto preliminar, el cual, de todas formas es improcedente. Esto es, la sentencia parcial dictada adjudicó los méritos la causa de acción bajo la Ley Núm. 80 y, además, concedió remedios que no corresponden en Derecho, dado los estatutos laborales en los cuales se amparó la señora López Gómez. Ello es evidente cuando, al analizar los criterios que rigen la expedición de interdictos preliminares bajo la Regla 57 de Procedimiento Civil, el propio foro primario reconoce que "[l]o que restaría por determinarse al sustanciarse las acciones mediante el curso procesal ordinario, es si el despido fue discriminatorio o por represalias, o si, por el contrario, este no obedeció a represalias o acto discriminatorio alguno". *Id.* en la pág. 664. Nótese, de otra parte, que la sentencia del Tribunal de Apelaciones que modifica, y así confirma, el dictamen del foro primario se limita a "revocar las determinaciones de hecho y derecho sobre la ilegalidad del nombramiento del Director Ejecutivo y de los miembros del Comité Ejecutivo". *Sentencia*, Apéndice, pág. 1024. Esto es, no altera la determinación de que el despido fue

injustificado[2] y que lo que resta por dilucidar son las causas de acción invocadas al palio de los demás estatutos laborales. Este proceder, como cuestión de principio, desvirtúa la naturaleza liminar de los interdictos preliminares y, a la vez, contraviene el carácter propiamente extraordinario de dicho recurso, puesto que, a todas luces, existen remedios adecuados en ley que le permiten a la señora López Gómez vindicar sus derechos adecuadamente.

Por otro lado, es menester señalar que el foro primario emitió su determinación a través del mecanismo de sentencia parcial que contempla la Regla 42.3 de Procedimiento Civil. En consecuencia, incluyó en su determinación el apercibimiento que dicha regla exige y, además, ordenó que la sentencia parcial se registrara en autos como tal.[3] Así, es indispensable que este Tribunal sopese adecuadamente las consecuencias ulteriores que tal proceder podría acarrear, puesto que, como se dijo, el foro primario, en efecto, está dilucidando una controversia puntual que bien podría

---

[2] "Los hechos de este caso demuestran que la demandada incumplió con el contrato de trabajo y con el deber que este le imponía de garantizar un debido proceso de ley a la demandante. Simple y llanamente, la demandada obvió su propia reglamentación y optó por **despedir** sumariamente a la demandante, **sin articular una justa causa** y sin llevar a cabo el proceso dispuesto en su Reglamento y Manual Gerencial". *Sentencia parcial*, Apéndice, pág. 656 (énfasis suplido).

[3] Nótese que el Tribunal de Apelaciones atendió el recurso como una *apelación*. *Sentencia*, Apéndice, pág. 1011.

repercutir colateralmente en la adjudicación de las controversias restantes.[4]

Como se sabe, la "concesión o denegación [de un *injunction*] exige que la parte promovente demuestre la ausencia de un remedio adecuado en ley". *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, 173 D.P.R. 304, 319 (2008) (citas omitidas). En este caso, empero, es evidente que existe un remedio adecuado en ley, a saber: la Ley Núm. 80, que, en calidad de remedio exclusivo, resarce al empleado cuando éste ha sido despedido injustificadamente. Véase *C.O.P.R. v. S.P.U.*, 181 D.P.R. 299, 337-38 (2011).[5] Dicho

---

[4] "[L]a Regla 42.3 requiere una certificación expresa del TPI de que no existe razón para posponer dictar sentencia hasta la resolución final del pleito. En adición, se requiere una orden expresa para que se registre dicho dictamen y se notifique a las partes del pleito de su derecho a apelar. Esta certificación obliga a la parte perdidosa, si lo juzga precedente [sic], a iniciar la apelación contra esa sentencia para impedir que advenga final y firme. Una vez se dicta una sentencia parcial a tenor con lo dispuesto en esta Regla 42.3 cumpliendo con los requisitos indicados, se convierte en una sentencia parcial final y empiezan a transcurrir los términos para los recursos posteriores a la sentencia". José A. Cuevas Segarra, Tratado de Derecho Procesal Civil 1252, T. IV (2nda ed. 2011). *Cf. id.* en la pág. 1250 ("El hecho de que el Tribunal exprese que no existe razón para posponer dictar sentencia y ordena su registro, no convierte una determinación interlocutoria en una sentencia parcial".). En este caso, sin embargo, el foro primario no se limitó a emitir una determinación interlocutoria, como ya se dijo; sino que emitió una determinación final en cuanto a los méritos del despido y, además, concedió remedios, si bien improcedentes, en función de ellos. La posterior modificación de tal dictamen por parte del Tribunal de Apelaciones no surtió efectos significativos sobre lo anterior.

[5] "No obstante, existen tres excepciones a la norma del remedio único de la mesada, a saber: (1) los remedios adicionales conferidos por conducta torticera del patrono, ajena a la mera violación de una disposición de las leyes del trabajo (*Rivera v. Security Nat. Life Ins. Co.*, supra,

estatuto, en sus secciones pertinentes, no provee, como remedio para un despido injustificado, la reinstalación en el empleo, salvo que el despido en sí mismo sea producto de represalias. 29 L.P.R.A. sec. 185b. En el caso que nos ocupa, aun presumiendo que la adjudicación fáctica del foro primario al emitir el interdicto preliminar fue conforme a Derecho, dicho foro estaba inhabilitado para conceder los remedios que concedió, debido a que expresamente fundamentó su proceder en la violación de las disposiciones reglamentarias de índole contractual[6] convenidas entre las partes. Ello, ciertamente, conforme a la jurisprudencia de este Tribunal, configura un despido injustificado, resarcible bajo la Ley Núm. 80; no un supuesto en virtud del cual emitir un interdicto preliminar. Véase *Santiago v. Kodak Caribbean, Ltd.*, 129 D.P.R. 763, 775-76 (1992).[7]

---

pág. 527); (2) los remedios adicionales provistos por leyes especiales (*Vélez Rodríguez v. Pueblo Int'l, Inc.*, supra, pág. 511), y (3) los remedios adicionales concedidos por un despido cuyo propósito e intención principal sea subvertir una clara política pública del Estado o algún derecho constitucional (*Soc. de Gananciales v. Royal Bank de P.R.*, 145 D.P.R. 178, 192 (1998); *Porto y Siurano v. Bentley P.R., Inc.*, 132 D.P.R. 331, 342 (1992); *Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35, 65 (1986)). De no establecer satisfactoriamente alguna de las tres excepciones indicadas, el empleado solo será acreedor al pago mínimo de la mesada".

[6] Véase *Amador v. Conc. Igl. Univ. de Jesucristo*, 150 D.P.R. 571, 582 (2000).

[7] "El manual de una empresa que contiene las reglas y los reglamentos del trabajo y que establece las normas, los beneficios y los privilegios que disfrutará el empleado forman parte del contrato de trabajo. Como regla general, un patrón de incumplimiento de estas normas o reglas podría dar lugar a un despido justificado. Sin embargo, la ausencia de razonabilidad de estas normas podría convertir el despido en uno caprichoso o arbitrario y, por lo tanto, injustificado. De otra parte, los beneficios y privilegios allí

Es importante no perder de vista que, por ejemplo, en caso de que la señora López Gómez prevaleciera en su causa de acción bajo la Ley Núm. 115, entonces sí procedería su reinstalación en su puesto de empleo. Esto, por imperativo expreso del estatuto laboral concernido y no en virtud de la utilización impropia de un recurso extraordinario. 29 L.P.R.A. sec. 194b(b).

Por otra parte, este tribunal ha "enfatizado la necesidad de que la parte promovente demuestre la existencia de un daño irreparable 'que no pued[a] ser adecuadamente satisfecho mediante la utilización de remedios legales disponibles'". *Asoc. Vec. V. Caparra*, 173 D.P.R. en las págs. 319-20 (citas omitidas).[8] Está claro que la Ley Núm. 80, así como los múltiples estatutos laborales que operan en nuestro ordenamiento, constituyen un remedio adecuado en aras de reparar el daño a cuya vindicación propenden. Más aún, habida cuenta de que la sentencia recurrida dispone

---

establecidos constituyen derechos del empleado y un despido en violación a éstos también resultaría en un despido injustificado". Véase, también, *Alvino v. Ángel Martínez, Inc.*, 171 D.P.R. 457, 478 (2007); *Rivera v. Pan Pepín*, 161 D.P.R. 681, 694 n. 12 (2004).

[8] "Por su naturaleza, es de carácter discrecional y se exige que se demuestre que no existe un remedio adecuado en ley, tales como aquellos que puedan otorgarse en una acción de daños y perjuicios, en una criminal o cualquier otra disponible. Mientras exista remedio alguno eficaz, completo y adecuado en ley, no se considera el daño como irreparable, por lo que no procederá conceder el *injunction*. El daño irreparable es aquél que no puede ser adecuadamente satisfecho mediante la utilización de los remedios legales. En dichos casos, procede el *injunction*". Cuevas Segarra, *supra*, T.V, pág. 1679.

para el desembolso de partidas dinerarias, es inevitable concluir que el daño es plenamente reparable.

Asimismo, la vista celebrada para la expedición de dicho recurso extraordinario no satisface las exigencias de una vista en los méritos, en la cual oportunamente se puedan dilucidar las controversias en cuestión. No es posible abstraernos de la realidad de que en dicha vista se dilucidó la procedencia de un remedio que, en Derecho, es impropio. Entre otros particulares, nótese que el estándar probatorio entre una vista de interdicto preliminar y una vista en su fondo, relacionada a una causa de acción debidamente establecida en Derecho, es distinto.[9]

Por todo lo anterior, proveería *ha lugar*, en cuanto a la moción en auxilio de jurisdicción, y expediría el auto de *certiorari* presentado oportunamente ante este Tribunal con tal de revocar la determinación del foro apelativo intermedio.


                                   Anabelle Rodríguez Rodríguez
                                          Juez Asociada

---

[9] *Cf*. Cuevas Segarra, *supra*, T.V, pág. 1682.